OPINION OF THE COURT — by
chief justice TURNER.
The bill charges that complainants are creditors of the mercantile firm of Gowan & Timmony, that they have obtained judgments and have found neither good or chatties, lands or tenements to satisfy their executions — that on the dissolution of the partnership, Gowan undertook the settlement of the concern, and agreed to make a just and equal dividend of their effects among their creditors — that Gowan soon after, made sale of the stock of goods, on a credit to one Payne, took notes, and soon after-assigned the entire effects to Nixon’s Administrator to satisfy a debt contracted by Gowan previous to his partnership with Timmony, in fraud of the other creditors, and contrary to an exhibited article of dissolution.
The defendant Thomas Henderson Administrator of Nixon, by his answer, insists that the debt of Nixon’s Administrator, against Gowan, was *486 contracted for goods purchased previous to the partnership, but for the use thereof; that this debt, and these goods, were enumerated, or .referred to in the original articles of copartnership; that those goods, and that debt, were thereby made partnership concerns between them; that the assignment made by Gowan to him, was a bona fide transaction; that the article of dissolution, is the one endorsed on the original article of copartnership, under the hands and seals of Gowan & Timmony, witnessed by two subscribing witnesses; that the other article, relied on by the complainant, if ever really made, was subsequent, and not the real article of dissolution; that the effect assignsed áre insufficient to satisfy the Nixon demand, &c.
The evidence taken in the cause, together with the exhibits made by the complainants, support the allegations of the- defendants answer, and the court has only to apply the principles of law to decide the present motion in favor of the defendant the administrator of Nixons estate.
We have no doubt that a debtor owing a plurality of debts, whether insolvent or not, has a right to prefer one creditor to another, if done in good faith, and without fraud; that Nixons administrator is a fair and bona fide creditor of Gowan. & Timmony; that Gowan had a legal right to give him the preference, if he elected to do so.
See 2d John. ch. Rep. 288, and the cases there cited.
We have no bankrupt law, if we had, the rule would be different.
The injunction must be dissolved.
Judges Cage and, Nicholson concur.